{¶ 38} ROGERS, J., dissenting in part and concurring in part.
After reviewing the record and the applicable law, I must respectfully dissent from the findings of the majority sustaining Eggeman's conviction for aggravated arson.
 {¶ 39} Aggravated arson requires that the defendant "knowingly * * * create a substantial risk of serious physical harm to any person other than the offender." R.C. 2909.02(A)(1). In my opinion, the evidence presented by the State in this case is inadequate to demonstrate either a "substantial risk" or a "serious physical harm to any person."
 {¶ 40} R.C. 2901.01(A)(8) defines substantial risk as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." The Ohio Jury Instructions make an effort to emphasize the distinction between a "strong possibility," a "remote possibility," and a "significant possibility" by offering the option of adding the phrase "even a" to the statutory language in front of the phrase "significant possibility." 4 OJI 509.02 § 3. "[T]he language chosen by the General Assembly contemplates three degrees of `possibility': the highest is `strong,' the middle is `significant,' and the lowest is `remote.' For this reason, the Committee added `(even a)' to the statutory definition." Id. at comment. Thus, the statutory definition of substantial risk recommended by the Ohio Jury Instructions reads as follows: "a strong possibility as contrasted with a remote or even a significant possibility, that a certain result may occur or that certain circumstances may exist." Id.
 {¶ 41} The evidence presented at trial on this issue and cited by the majority does not rise to the level of a "substantial risk" as the legislature has defined that term in the statute. I would not disagree with a finding that the evidence proved a remote possibility of physical harm to persons had been created and might not argue against a finding that Eggeman's actions produced a significant possibility that firefighters would be subjected to physical harm. However, to constitute aggravated arson there needs to be more than a remote or even a significant possibility. There has to be a strong
possibility that the defendant's actions would cause serious physical harm to another person. Under the facts of the case before us, I would find that the remote prospect that an explosion could have occurred in an unoccupied building to which firefighters eventually responded does not rise to that level.
 {¶ 42} It needs to be noted that one of the State's witnesses was asked about the potential consequences of the broken gas line. His response indicated that an explosion was onepossibility. The other was simply an enhancement of the fire. The obvious conclusion then is that an explosion, which the majority anticipates as the causal factor of "serious physical harm," is not the only possible consequence and perhaps not even the most likely consequence of a set fire and a broken gas line.
 {¶ 43} In addition to a lack of evidence that the risk created by Eggemen was "substantial," the State has failed to demonstrate any evidence that the nature of the risk was of "serious physical harm to any person." R.C. 2901.01(A)(5) defines "Serious physical harm to persons" as:
Any mental illness or condition of such gravity as wouldnormally require hospitalization or prolonged psychiatrictreatment;
 Any physical harm that carries a substantial risk of death;
 Any physical harm that involves some permanent incapacity,whether partial or total, or that involves some temporary,substantial incapacity;
 Any physical harm that involves some permanent disfigurementor that involves some temporary, serious disfigurement;
 Any physical harm that involves acute pain of such duration asto result in substantial suffering or that involves any degree ofprolonged or intractable pain.
 {¶ 44} In the case sub judice, any reference to physical harm to persons is mere speculation based upon the assumption that the damaged pipe could have exploded and that some person other than the defendant might have been near enough to be injured. There was no testimony, beyond mere broad generalizations, stating what kind of injuries might have actually been inflicted upon firefighters had there been an explosion. Mere speculation alone cannot sustain a criminal conviction.
 {¶ 45} For the reasons stated above, I would find that the State has failed to prove beyond a reasonable doubt all of the elements of aggravated arson as stated in R.C. 2909.02(A)(1). Accordingly, I respectfully dissent from the finding of the majority affirming Eggeman's conviction for aggravated arson. However, in all other aspects of the opinion, I concur.